# United States Navy–Marine Corps Court of Criminal Appeals

**In Re**
**Decker B. JORDAN**[1]

*Petitioner*

**UNITED STATES**

*Respondent*

**PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF HABEUS CORPUS**

**NMCCA No. 201100621**

**Panel 2**

**O R D E R**

*Dismissing Petition for Lack of Jurisdiction*

A general court-martial composed of officer and enlisted members convicted Petitioner of, *inter alia*, rape and sexual abuse of his daughter when she was between 6 and 10 years old. The convening authority approved a sentence of reduction to E-1, confinement for 29 years and 6 months, total forfeiture of pay and allowances, and a dishonorable discharge.

On 30 November 2012, this Court set aside and dismissed as multiplicious one specification and otherwise affirmed the findings and sentence in Petitioner's court-martial.[2] The Court of Appeals for the Armed Forces [CAAF] denied review.[3] In March 2019, Petitioner filed with this Court a petition for extraordinary relief. While that Petition was still pending with this Court, in July 2019, Petitioner filed with the Court of Appeals for the Armed Forces [CAAF] a document that it construed as a petition for extraordinary relief, which CAAF dismissed for lack of jurisdiction.[4] In July 2020, Petitioner filed yet another petition for extraordinary relief with CAAF, which CAAF again dismissed for lack of jurisdiction.[5]

---

[1] Prior to his discharge being executed, Petitioner was a Chief Sonar Technician (Submarine) (E-7), U.S. Navy.

[2] *See United States v. Jordan*, No. 201100621, 2012 CCA LEXIS 454 (N-M. Ct. Crim. App. Nov. 30, 2012) (unpublished) [*Jordan I*].

[3] *United States v. Jordan*, 72 M.J. 403 (C.A.A.F. 2013) (mem.) [*Jordan II*].

[4] *Jordan v. United States*, 79 M.J. 215 (C.A.A.F. 2019) (mem.) [*Jordan III*].

[5] *In Re Jordan*, 80 M.J. 295 (C.A.A.F. 2020) (mem.) [*Jordan IV*].

*Administrative correction to remove the pseudonym name of the victim.*

On 27 August 2020, this Court issued its decision, in a published en banc opinion, on Petitioner's March 2018 petition.[6]

In this Court's 2020 decision, we found that because Petitioner's case is final and he remains in confinement, we are without jurisdiction to consider his petition for a writ of habeas corpus, overruling our prior holding in *Fisher v. Commander*, 56 M.J. 691, 693 (N-M. Ct. Crim. App. 2001).[7] We also considered the alternative jurisdictional basis in support of a petition for a writ of error *coram nobis*. We found, as here, that Petitioner's substantive claims had been previously raised and thoroughly considered by the trial court, by this Court on direct review, and by CAAF, and that he failed to satisfy each of the following six stringent threshold requirements for *coram nobis* review:

> Ensuring the writ [of *coram nobis*] is only granted in extraordinary cases and does not trivialize case finality, a petitioner must first satisfy each of the following six stringent threshold requirements:
>
> (1) the alleged error is of the most fundamental character, such that use of the writ is necessary to achieve justice;
>
> (2) no remedy other than coram nobis is available to rectify the consequences of the error;
>
> (3) valid reasons exist for not seeking relief earlier;
>
> (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment;
>
> (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and
>
> (6) the sentence has been served, but the consequences of the erroneous conviction persist.[8]

One of the many reasons Petitioner failed to qualify for *coram nobis* review is that, as a federal prisoner, he has access to habeas corpus review in the Article III federal courts because the military courts no longer had habeas corpus jurisdiction once his discharge was executed.[9]

---

[6] *In Re Jordan*, 80 M.J. 605 (N-M. Ct. Crim. App. 2020) (en banc) [*Jordan V*].

[7] *Jordan V*, 80 M.J. at 612.

[8] *Id.* (citing *United States v. Denedo*, 556 U.S. 904, 911 (2009)).

[9] *Id.* at 613.

Upon consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus, filed by Petitioner on 30 November 2021, it is, by the Court, this 15th day of December, 2021,

**ORDERED:**

That the Petition is **DISMISSED** for lack of jurisdiction.

That the Court will consider any further petition which fails to establish that Petitioner is no longer in federal custody *and* which does not satisfy all of the six threshold requirements for *coram nobis* review to be frivolous. We will summarily reject such a petition without further comment.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court